UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZAID HASSAN ABD AL-LATIF MASUD
AL SAFARINI,

    *Plaintiff*,

v.

JOHN ASHCROFT, *et al.*,

    *Defendants.*

Civil Action No. 17-430 (RDM)

## **MEMORANDUM OPINION AND ORDER**

In a complaint dated September 22, 2016, Plaintiff, proceeding *pro se*, seeks damages from former and current United States government officials, foreign sovereign entities, foreign officials, and a foreign corporation for allegedly "kidnapping" him and transporting him by force from Pakistan to the United States in September of 2001. Dkt. 1 at 5 (Compl. ¶ 16); *see also id.* at 1–8. Plaintiff moved for leave to proceed *in forma pauperis*, Dkt. 2, and, in April 2017, the Court (Boasberg, J.) granted his motion, Dkt. 5.

Upon review of Plaintiff's complaint and the Statement of Interest of the United States, the Court now addresses a number of threshold issues:

*First*, under the Prison Litigation Reform Act, the Court is required to dismiss an action if, "at any time," the Court determines that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Here, Plaintiff seeks monetary relief against the Kingdom of Thailand and the Hashemite Kingdom of Jordan. Dkt. 1 at 1–2, 7. Under the Foreign Sovereign Immunities Act ("FSIA"), however, "foreign state[s]" are "immune from the jurisdiction of the courts of the United States," except as expressly provided by law. 28 U.S.C. § 1604. None of the relevant exceptions, moreover, are available on the facts alleged in

Plaintiff's complaint. He does not allege a claim, for example, based on a commercial activity occurring in the United States or causing a direct effect in the United States. *See* 28 U.S.C. § 1605(a)(2). Nor does he allege that Thailand, Jordan, or anyone acting on their behalves committed a non-commercial tort "entire[ly]" in the United States. *Doe v. Federal Democratic Republic of Eth.*, 851 F.3d 7, 9–10 (D.C. Cir. 2017) (citing 28 U.S.C. § 1605(a)(5)); *see also* Dkt. 1 at 3–4 (Compl. ¶¶ 6, 15) (describing acts performed by foreign sovereign defendants in Pakistan and Thailand). The Court must, accordingly, **DISMISS** Plaintiff's claims against the Kingdom of Thailand and the Hashemite Kingdom of Jordan.[1]

*Second*, the Prison Litigation Reform Act also provides that, where a prisoner is proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Under these circumstances, service is generally effected by the Clerk's Office and the United States Marshals Service. *See Walton v. FBI*, 533 F. Supp. 2d 107, 111 (D.D.C. 2008); *see also* Fed. R. Civ. P. 4(c)(3). Although none of the federal defendants have appeared in this action, the United States has filed a Statement of Interest, positing that the Marshals Service has not yet effected service in the manner prescribed by Federal Rule of Civil Procedure 4. *See* Dkt. 9. The United States further asserts that, if service is not effected within 90 days after the complaint was filed, the Court should dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure Rule 4(m). *Id.* at 4. The Court agrees that service has not yet been effected, but disagrees that the appropriate remedy is dismissal. *See Walton*, 533 F. Supp.

---

[1] Although not listed in the caption of Plaintiff's complaint, he names the "Thailand National Police Agency" as a defendant in the "parties" section of his complaint. *See* Dkt. 1 at 3 (Compl. ¶ 13). To the extent this defendant is named in Plaintiff's complaint, it, too, is immune from suit under the FSIA, and Plaintiff's claims against it must be **DISMISSED**. As Plaintiff alleges in his complaint, the Thailand National Police Agency "operates as the primary investigative and police agency in the nation of Thailand," *id.*, and under the FSIA, "agenc[ies] . . . of a foreign state" are afforded the same sovereign immunity as the "foreign state" itself, 28 U.S.C. § 1603(a).

2d at 111 (*in forma pauperis* plaintiff "should not be penalized for a court officer's failure or mistake in properly effecting service of process").

As the United States observes, Plaintiff has brought suit under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 402 U.S. 388 (1971), against former Attorney General John Ashcroft, former FBI Director Robert Mueller, and three FBI Special Agents. Dkt. 9 at 2. All of these federal defendants are sued in their individual capacities for actions allegedly taken in connection with duties performed on behalf of the United States. Dkt. 1 at 4 (Compl. ¶ 14). Accordingly, under Federal Rule of Civil Procedure 4(i)(3), the complaint must be served on *both* "the United States *and* . . . the officer[s]" (emphasis added). In turn, to effect service on the United States, the complaint must be served on *both* the "United States attorney for the district where the action is brought" *and* "the Attorney General of the United States." Fed. R. Civ. P. 4(i)(1)(A)(i), (B). Finally, service on the individual "officers" is governed by Federal Rule of Civil Procedure 4(e).

As explained in the Statement of Interest of the United States, the Marshals Service has not yet effected service on the federal defendants in this manner. *See* Dkt. 9; *see also* Dkt. 9-1 (Gerstell Decl.). Although the Marshals Service served a mail clerk authorized to accept service for the Attorney General in his official capacity as required by Rule 4(i)(1), that clerk was not authorized to accept service for the federal defendants sued in their individual capacities or for the United States Attorney for the District of Columbia. Dkt. 9 at 3; Dkt. 9-1 at 2 (Gerstell Decl. ¶ 5). The Court, accordingly, **DIRECTS** that the Marshals Service effect service on the federal defendants in compliance with Rule 4(i)(3) and this Order, and **EXTENDS** the time for service for a period of 60 days from the date of this Order pursuant to Rule 4(m).[2]

---

[2] Plaintiff also brings claims against a foreign corporation, "Thai Airline International." *See* Dkt. 1 at 3 (Compl. ¶ 8). Plaintiff has provided an address for this defendant, *see* Dkt. 11 at 2,

3

*Third*, Plaintiff's complaint also includes allegations against Ahmed Al-Hajayh, "the Consul and station chief for the Jordanian Embassy in Pakistan," Dkt. 1 at 4 (Compl. ¶ 15), and various "Unknown Immigration Officials" for the "Kingdom of Thailand," *id.* at 2. Based on the existing record, and in the absence of briefing, the Court cannot conclude that these individuals are indisputably immune from suit. In *Samantar v. Yousuf*, 560 U.S. 305 (2010), the Supreme Court held that the immunity afforded by the FSIA does not extend to claims against foreign officials. That does not mean that these foreign officials are necessarily subject to suit; a court might conclude, for example, that a claim brought against a foreign official for actions taken in his or her official capacity is, in effect, a claim against the foreign state itself, *see id*. at 325, or that the foreign official is entitled to common law immunity, *see id.* at 324. But, absent factual development and briefing by the parties, the Court is not in a position to resolve those issues.

Two other issues, however, present potential, threshold hurdles to Plaintiff's claims against the named and unnamed foreign officials. As an initial matter, although the Marshals Service is required to serve a complaint on behalf of an *in forma pauperis* plaintiff, the plaintiff "is not wholly relieved of his obligation" to assist in this process. *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 148 (D.D.C. 2011). In particular, the plaintiff must provide the Court with "proper addresses for service on" the defendants. *Id.* at 148–49 (quoting *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *see also Thomas v. Robinson*, No. 08-cv-662, 2008 WL 5110857, at *1 (M.D. Fla. Nov. 25, 2008) ("Even though the Court must assist *pro se* litigants proceeding *in forma pauperis* with service of process, the Court cannot meet this duty when a plaintiff fails to provide the Court with a valid name or address for a defendant."). Here, Plaintiff has not even

---

and, although the Court cannot determine, on the present record, whether service at this address would be sufficient, the Marshals Service is **DIRECTED** to attempt to effect service on Thai Airline International within 60 days from the date of this Order.

identified the Thai immigration officials he seeks to sue, and thus the Marshals Service cannot possibly effect service on them, and he has not provided an address that would permit the Marshals Service to effect service on Ahmed Al-Hajayh, who he merely alleges *was* "the station chief at the Jordanian Embassy in . . . Pakistan" almost sixteen years ago, *see* Dkt. 1 at 3–4 (Compl. ¶¶ 12, 15). More is required to permit the Marshals Service to attempt service.

In addition, the complaint lacks any allegations that would permit the Court to conclude that it possesses personal jurisdiction over any of the foreign officials Plaintiff seeks to sue. The complaint does not allege that any relevant conduct occurred in this jurisdiction or that any of these officials have any connection to the United States. But, rather than address this issue *sua sponte*, the Court will provide Plaintiff with an opportunity to identify a basis for asserting personal jurisdiction over these foreign individuals.

The Court, accordingly, **ORDERS** that Plaintiff (a) provide the Clerk of the Court with addresses or other information that would permit the Marshals Service to effect service on the individual foreign defendants; and (b) show cause why the claims against those individuals should not be dismissed for lack of personal jurisdiction. Plaintiff's response to this Order shall be filed on or before September 9, 2017. If Plaintiff does not provide a timely and adequate response, the Court will dismiss the action against these defendants without prejudice.

*Fourth*, Plaintiff has also filed a motion seeking the appointment of counsel. Dkt. 10. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," but under this court's local rules, "the Court must consider the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interests of justice will be served by appointment of counsel." *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017) (citing L. Cv. R. 83.11(b)(3)).

Plaintiff's motion offers few details in support of his request, asserting only that he is "unfamiliar[] with the English language" and with "America's judicial system." Dkt. 10 at 2. This is not sufficient to warrant appointment of counsel. Plaintiff does not argue, for example, that his claims are particularly complex, that he has made an exhaustive effort to obtain the assistance of counsel, or that "any greater interest of justice will be served by appointing counsel in this case than in any other *pro se* case." *Lamb*, 228 F. Supp. 3d at 47. In addition, although Plaintiff alleges that he "was not exposed to [English] prior to being . . . brought to the United States," Dkt. 10 at 1, Plaintiff has now been incarcerated in a U.S. prison facility for nearly sixteen years. He was able to locate whatever assistance was necessary for him to file his complaint, Dkt. 1, his motion for leave to proceed *in forma pauperis*, Dkt. 2, and this motion for appointment of counsel, Dkt. 10. Absent some further showing of unique circumstances, the Court cannot conclude that the appointment of counsel is justified.

After weighing the factors set forth in the local rules, the Court determines that appointment of counsel is not warranted at this time, and, accordingly, **DENIES** Plaintiff's motion for the appointment of counsel without prejudice.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 9, 2017