# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAID HASSAN ABD LATIF SAFARINI, *Plaintiff*, v. JOHN ASHCROFT, Former Attorney General, et al., *Defendants.* | Civil Action No. 17-430 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, appearing *pro se*, seeks declaratory relief and damages based upon the claim that he was unlawfully kidnapped when agents from the Federal Bureau of Investigation arrested him in Bangkok, Thailand. The arrest allegedly took place as Plaintiff was traveling by commercial flight from Islamabad, Pakistan to his home in Amman, Jordan, with a scheduled stopover in Bangkok to change aircraft. After the arrest, Plaintiff alleges he was placed on a private flight from Bangkok to the United States.

Among other defendants, Plaintiff names the operator of the commercial flight, "Thai Airline International."[1] Plaintiff alleges no theory for relief against "Thai Airline International," but, rather, merely asserts that the airline was "complicit[]" in his arrest during the scheduled stopover in Bangkok. Dkt. 1 at 6 (Compl. ¶ 17). The Court therefore concludes that Plaintiff has alleged no plausible claim upon which relief can be granted against "Thai Airline International."

---

[1] The Court previously dismissed Plaintiffs claims against the Government of the Kingdom of Thailand, the Hashemite Kingdom of Jordan, and the Thailand National Police Agency. Dkt. 12. The Court further notes that there does not appear to be an entity named "Thai Airline International." The Court assumes that Plaintiff intends to refer to Thai Airways International.

28 U.S.C. § 1925(e)(2)(B)(ii). *See also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (holding that *sua sponte* dismissals are appropriate where it is "patently obvious" that a plaintiff "cannot possibly win relief").

Plaintiff has also named as defendants Ahmed Al-Hajayh, "the Consul and station chief for the Jordanian Embassy in Pakistan," Dkt. 1 at 4 (Compl. ¶ 15), and various "Unknown Immigration Officials" for the "Kingdom of Thailand," *id.* at 2. In the Court's previous Order, Dkt. 12, the Court directed Plaintiff to (a) provide the Clerk of the Court with addresses or other information that would permit the Marshals Service to effect service on the individual foreign defendants; and (b) show cause why the claims against those individuals should not be dismissed for lack of personal jurisdiction. Plaintiff has failed to respond. As a result, the Court has insufficient information upon which to effect service, *see Gonzalez v. Holder*, 763 F. Supp. 2d 145, 148 (D.D.C. 2001) ("Plaintiff is not wholly relieved for his obligation to serve defendants . . . ."); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.1993) (per curiam) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it [is the plaintiff's] responsibility to provide proper addresses for service on [the defendants]."), or exercise personal jurisdiction over the individual foreign defendants, *see Frost v. Catholic Univ. of Am.*, No. 12-1460, 2013 WL 4129129, at *3 (D.D.C. Aug. 15, 2013) ("[A] plaintiff must allege specific facts on which personal jurisdiction can be based.").

Accordingly, on the Court's own motion, it is hereby

**ORDERED** that this action should be, and is hereby, dismissed without prejudice against "Thai Airline International," Ahmed Al-Hajayh, and "Unknown Immigration Officials" for the Kingdom of Thailand.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date: October 10, 2017