# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAID HASSAN ABD AL-LATIF SAFARINI,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN ASHCROFT, Former Attorney General, *et al.*,<br><br>*Defendants*. | Civil Action No. 17-430 (RDM) |

## MEMORANDUM OPINION

On March 3, 2017, Plaintiff Zaid Hassan Abd Al-Latif Safarini, proceeding *pro se*, brought this action against various former United States and foreign officials, the Kingdoms of Thailand and Jordan, and "Thai Airlines International," for allegedly "kidnapping" him in Bangkok, Thailand in 2001 and transporting him by force to the United States to stand trial. *See* Dkt. 1. On August 9, 2017, the Court dismissed Safarini's claims against the Kingdom of Thailand, the Hashemite Kingdom of Jordan, and the Thai National Police pursuant to 28 U.S.C. § 1915(e), because foreign states are immune from the jurisdiction of U.S. courts pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 18 U.S.C. § 1604. *See* Dkt. 12 at 1–2. With respect to Safarini's claims against "Unknown Immigration Officials" of the "Government of the Kingdom of Thailand," the Court observed that Safarini had failed to provide sufficient information to permit the U.S. Marshals Service to effect service and that "the complaint lack[ed] any allegation that would permit the Court to conclude that it possesses personal jurisdiction over any of the foreign officials Plaintiff seeks to sue." Dkt. 12 at 4–5. The Court directed that Safarini (1) "provide the Clerk of the Court with addresses or other information that

would permit the Marshals Service to effect service on the individual foreign defendants," and (2) "show cause why the claims against those individuals should not be dismissed for lack of personal jurisdiction" on or before September 9, 2017. *Id.* at 5. Safarini failed to respond, and on October 10, the Court dismissed Safarini's claims as to the "Unknown Immigration Officials" for the Kingdom of Thailand, as well as other named foreign officials, for failure to provide sufficient information upon which to effect service or to permit the Court to conclude that it may exercise personal jurisdiction over the individual foreign defendants.[1] Dkt. 14 at 2. The Court also dismissed Safarini's claims against "Thai Airline International" on the ground that he alleged no plausible claim upon which relief could be granted. *Id*. at 1–2.

On January 3, 2018, the Court dismissed the remainder of Safarini's claims asserted in his original complaint, concluding that Safarini failed to state a claim against the remaining defendants: former United States officials and agents from the Federal Bureau of Investigation. *See Safarini v. Ashcroft*, 285 F. Supp. 3d 407 (D.D.C. 2018). Thereafter, Safarini filed a motion to vacate the judgment of the Court and for leave to amend his complaint, Dkt. 19 at 4, which the Court granted, Minute Order (April 5, 2018). In his amended complaint, Safarini alleges that "unknown [o]fficials and/or [a]gents of the Government of the Kingdom of Thailand" violated the Extradition Treaty between the United States and Thailand by "assisting in the facilitation of [Safarini's] summary removal []from Thailand without due process of law," Dkt. 22 at 3. Safarini seeks damages of "not less than [o]ne [m]illion [d]ollars" from "each defendant." *Id*.

To the extent that Safarini is bringing this action against the Government of Thailand, "foreign states [are] immune from the jurisdiction of the courts of the United States," unless an

---

[1] Although personal jurisdiction can, of course, be waived in the ordinary course, it cannot be waived by an unidentified person who has no notice of the action.

2

exception is expressly provided by law. 28 U.S.C. § 1604. In his amended complaint, Safarini asserts that the FSIA's expropriation exception—which strips immunity from states in cases where "rights in property taken in violation of international law are in issue," 28 U.S.C. § 1605(a)(3)—applies here. Dkt. 22 at 4 (citing 28 U.S.C. § 1605(a)(3)). Although Safarini alleges that "the acts and omissions of defendants fall squarely within the ambit [of] the exception," he does not allege any facts that, even if accepted as true, would establish that "'rights in property' are 'in issue.'" *See Simon v. Republic of Hungary*, 812 F.3d 127, 140 (D.C. Cir. 2016). The expropriation exception, accordingly, does not apply. Alternatively, Safarini contends that immunity is stripped by 28 U.S.C. § 1605(a)(7). That provision, however, was repealed in 2008. *See* Pub. L. No. 110-181, Div. A, § 1083(b)(1)(A)(iii), 122 Stat. 341 (2008). "[T]he *new* terrorism exception to sovereign immunity," which took the place of § 1605(a)(7), *Republic of Iraq v. Beaty*, 556 U.S. 848, 855 (2009), moreover, requires "an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act," 28 U.S.C.A. § 1605A(a)(1), and thus has no bearing on Plaintiff's claims. The Court, therefore, concludes that the Government of the Kingdom of Thailand is immune from suit and, accordingly, dismisses Safarini's claims against the Thai government.

To the extent that Safarini seeks to bring suit against "unknown Officials and/or Agents of the Government of the Kingdom of Thailand" in their individual capacities, he once again has failed to provide any information that would permit the Marshals Service to effect service. Moreover, even if the Court were able to serve the individual foreign defendants (and even if they were to waive any objection to personal jurisdiction), Safarini alleges only two counts, neither of which states a claim. For the reasons described above, his claim under the terrorism provision to the FSIA fails as a matter of law. And his claim that the unidentified officials

violated the Extradition Treaty between the United States and Thailand by "assisting in the facilitation of [Safarini's] summary removal []from Thailand without due process of law," Dkt. 22 at 3, fails for want of a cause of action. "[I]nternational agreements, even those directly benefitting private persons, generally do not create private rights or provide for a private cause of action . . . in the absence of express language to the contrary." *Medellin v. Texas*, 128 S. Ct. 1346, 1357 n.3 (2008) (internal quotation marks omitted). Nothing in the plain language of the U.S.–Thailand Extradition Treaty creates a private right of action for U.S. citizens, let alone for foreign nationals seeking damages from foreign individuals. *See* Treaty Relating to Extradition, Thai.–U.S., Dec. 14, 1983, S. Treat Doc. No. 98-16 (1984). Nor does Safarini identify any other available cause of action.

The Court, will, accordingly, dismiss Safarini's amended complaint *sua sponte*. Because the Court has permitted Safarini the opportunity to replead, and because the Court concludes that that he "cannot possibly win relief" under the facts and legal theories presented, *see Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (quoting *Baker v. Dir., United States Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam)), the Court will now dismiss Safarini's complaint with prejudice.

## CONCLUSION

For the reasons explained above, the Court will, *sua sponte*, dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A separate order will issue.

    <u>/s/ Randolph D. Moss</u>
    RANDOLPH D. MOSS
    United States District Judge

Date:  January 29, 2019